**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CHRISTOPHER ESQUIVEL; CARMEN ESQUIVEL,<br><br>    Plaintiffs,<br><br>vs.<br><br>MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., et al.,<br><br>    Defendants. | No. 09-CV-0107-PHX-GMS<br><br>**ORDER** |

On December 24, 2008, at 4:11 PM, Plaintiffs Christopher and Carmen Esquivel filed a Petition for Temporary Restraining Order ("TRO"), Preliminary and Permanent Injunction and Order to Show Cause. (*See* Case No. 08cv2350 Dkt. # 1.) In their Petition, Plaintiffs requested that this Court temporarily enjoin a trustee's sale of property located at 102 W. Shamrock Street, Gilbert, Arizona. The trustee's sale was scheduled for December 29, 2008, the first business day following the Christmas holiday. The Court denied Plaintiffs' Petition for failure to comply with Federal Rule of Civil Procedure 65(b) and because the Petition was moot given that the scheduled date of the trustee's sale had past prior to the Court's order. (Case No. 08cv2350 Dkt. # 4.)

On January 16, 2009, Plaintiffs Christopher and Carmen Esquivel filed a second Petition for TRO, Preliminary and Permanent Injunction and Order to Show Cause seeking to temporarily enjoin the trustee's sale of the same property. (Dkt. # 1.) The trustee's sale, previously scheduled for December 29, 2008, apparently was postponed and was re-

1 scheduled for 10:00 A.M., January 20, 2009 – prior to the time that Plaintiffs' request was 2 presented to this division. In this instance, due to the Martin Luther King holiday, the 3 trustee's sale was scheduled for the morning of the next business day following the date 4 Plaintiffs' second Petition was filed. Notably, despite claiming that "time is of the essence" 5 in both Petitions (Case No. 08cv2350 Dkt. # 1 at 9; Dkt. # 2 at 12), Plaintiffs waited until the 6 last minute to file the Petitions with the Court, did not requested a hearing, and made no other 7 attempt to contact or alert the Court to the TRO petitions prior to the scheduled dates of the 8 trustee's sale.

9 Federal Rule of Civil Procedure 65 authorizes the Court to issue a preliminary 10 injunction or TRO upon a proper showing. The standard for issuing a TRO is the same as 11 that for issuing a preliminary injunction. *See Brown Jordan Int'l, Inc. v. The Mind's Eye* 12 *Interiors, Inc.*, 236 F. Supp. 2d 1152, 1154 (D. Haw. 2007). To prevail on a request for a 13 preliminary injunction, a plaintiff must show either "(a) probable success on the merits 14 combined with the possibility of irreparable injury or (b) that [it] has raised serious questions 15 going to the merits, and that the balance of hardships tips sharply in [its] favor." *Bernhardt* 16 *v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003). The Ninth Circuit has explained 17 that "these two alternatives represent 'extremes of a single continuum,' rather than two 18 separate tests. Thus, the greater the relative hardship to the moving party, the less probability 19 of success must be shown." *Immigrant Assistant Project of Los Angeles County Fed'n of* 20 *Labor (AFLCIO) v. INS*, 306 F.3d 842, 873 (9th Cir. 2002) (citation omitted).

21 In addition to the requisite showing, a preliminary injunction may issue "only on 22 notice to the adverse party." Fed. R. Civ. P. 65(a). A TRO may be granted without notice 23 to the adverse party:

24
25
26
27
> only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

28

- 2 -

Fed. R. Civ. P. 65(b).

Here, despite claiming to have sent copies of the Petition to Defendants by certified mail on the 12th of January, Plaintiffs present no evidence suggesting that they have noticed Defendants of their request for a TRO and preliminary injunction. Plaintiffs' counsel likewise has not certified in writing the efforts made to notice Defendants or provided any reasons why notice should not be required. Additionally, Plaintiffs failed to submit a verified complaint, affidavits, or other admissible evidence supporting any chance of success on the merits or any injury, loss, or damage. Plaintiffs' Petition is not filed under oath or penalty of perjury. The Petition refers to a verified complaint (Dkt. # 2 at 3, 7) and attachments (*Id.* at 7), but the complaint filed in the matter is not verified and no attachments were filed with Plaintiffs' Petition.

Because Plaintiffs have failed to demonstrate that injunctive relief is proper, and because the TRO request is apparently moot:

**IT IS ORDERED** that Plaintiffs' Petition for Temporary Restraining Order, Preliminary and Permanent Injunction and Order to Show Cause (Dkt. # 2) is **DENIED**.

**IT IS FURTHER ORDERED** directing Plaintiffs' counsel to show cause why he has not violated Federal Rule of Civil Procedure 11(b). *See* Fed. R. Civ. P. 11(c)(3) (granting courts the power to order an attorney to show cause "why conduct specifically described in the order has not violated Rule 11(b)"). This is the second time that counsel has filed with the Court a flawed motion for a TRO at the last minute. Counsel is directed to file a memorandum with the Court by January 29, 2009. Additionally, counsel is directed to appear on January 30, 2009, at 11:30 a.m. to further discuss the matter with the Court.

DATED this 26th day of January, 2009.

*/s/ H. Murray Snow*
G. Murray Snow
United States District Judge

- 3 -